LAURA E. BURRI
MORROW & FISCHER, PLLC
332 N Broadmore Way, Ste 102
Nampa, Idaho 83687
Telephone: (208) 475-2200
Facsimile: (208) 475-2201
Email: lburri@morrowfischer.com
Idaho State Bar #3573
Attorneys for Northwest Leasing of Boise, ID

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re:<br><br>**BRANDON RICHARD CURTISS and STEPHANIE ANN CURTISS,**<br><br>Debtors. | Case No. 16-00123 TLM<br><br>Chapter 7 |
|---|---|

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND TO REJECT LEASE**

COMES NOW Northwest Leasing of Boise, ID (hereafter "NWL") by and through its attorney of record, and moves the court for relief from the automatic stay of 11 USC §362 and to reject the lease under 11 USC §365, against the debtors and in support thereof alleges:

1. NWL is a corporation organized under the provisions of the law of Idaho and is duly qualified to do business in the State of Idaho.

2. Debtors are residents of Meridian, Idaho. Debtors filed a petition in this court for relief under Chapter 7 of Title 11, United States Code on February 3, 2016.

3. Janine P. Reynard is the trustee of the above entitled estate.

**COUNT ONE**

4. NWL leased to Debtors a 2009 Audi, VIN WAUMK78K99A134777 on March 3, 2014. A copy of the Closed End Motor Vehicle Lease Agreement and Disclosure, as well as the Idaho Motor Vehicle Title, are attached hereto as Exhibit A.

5. The balance due on the agreement is approximately $12,123.57. The debtors are

past due on the payments under the contract in the sum of $1,015.32.

6. The fair market value of the 2009 Audi is $16,900.00 based upon an estimate by NWL.

7. NWL's interest in the collateral is or may be impaired because of the debtors' continued possession thereof while in default on payments on such obligation. NWL is entitled to relief from the automatic stay for cause, including lack of adequate protection, under 11 USC 362(d)(1)(1). The property is not necessary for an effective reorganization under 11 USC 362(d)(2).

**COUNT TWO**

8. NWL leased to Debtors a 2013 Chrysler, VIN 1C3CCBBB5DN589803 on August 4, 2014. A copy of the Closed End Motor Vehicle Lease Agreement and Disclosure, as well as the Idaho Motor Vehicle Title, are attached hereto as Exhibit B.

9. The a balance due on the agreement is approximately $12,412.28. The debtors are past due on the payments under the contract in the sum of $642.82.

10. The fair market value of the 2013 Chrysler is $13,150.00 based upon an estimate by NWL.

11. NWL's interest in the collateral is or may be impaired because of the debtors' continued possession thereof while in default on payments on such obligation. NWL is entitled to relief from the automatic stay for cause, including lack of adequate protection, under 11 USC 362(d)(1)(1). The property is not necessary for an effective reorganization under 11 USC 362(d)(2).

**COUNT THREE**

12. NWL leased to Debtors a 2015 Dodge Ram, VIN 3C6TR5EJ7FG645998 on May 28, 2015. A copy of the Closed End Motor Vehicle Lease Agreement and Disclosure, as well as the Idaho Motor Vehicle Title, are attached hereto as Exhibit C.

13. The balance due on the agreement is approximately $40,012.09. The debtors are past due on the payments under the contract in the sum of $1,620.82.

14. The fair market value of the 2015 Dodge Ram is $39,9050.00 based upon an estimate by NWL.

15. NWL's interest in the collateral is or may be impaired because of the debtors' continued possession thereof while in default on payments on such obligation. NWL is entitled to relief from the automatic stay for cause, including lack of adequate protection, under 11 USC 362(d)(1)(1). The property is not necessary for an effective reorganization under 11 USC 362(d)(2).

**ALL COUNTS**

16. NWL requests that the effectiveness of the Order Vacating Automatic Stay be entered effective immediately and the fourteen (14) day stay imposed by Rule 4001(a)(3) and other rules be waived.

WHEREFORE, NWL moves that this court order that the automatic stay heretofore issued be terminated as against these items securing NWL's leases which is listed hereinabove; that the court issue an order directing that the Automatic Stay be lifted as to these items of collateral and that NWL be authorized to repossess these items of collateral, to sell the items and to apply the proceeds to Debtors' lease obligation with NWL; and for such other and further relief as the court deems just and equitable.

**NOTICE OF RIGHT TO OBJECT**

If you do not want the court to approve the Motion to Vacate Automatic Stay, then not later than seventeen (17) days after the date of service of the motion, you or your lawyer must:

File with the court a written objection to the motion. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. The objection shall also contain the notice of hearing required by Local Bankruptcy Rule 4001.2(e)(1)and the proof of service required by Local Bankruptcy Rule 4001.2(h).

A party opposing a motion shall contact the bankruptcy court's calendar clerk to schedule a preliminary hearing. Upon court approval, the opposing party may schedule a hearing for cause shown in the motion or other submission.

The objection and notice of hearing must be filed with the United States Bankruptcy Court. You must also serve a copy of both documents on counsel for the movant and on all parties receiving service of the Motion to Vacate Automatic Stay.

**Absent the filing of a timely objection and notice of hearing, the Court may grant the relief sought without further notice or a hearing.**

Notice is further given, pursuant to Local Bankruptcy Rule 4001.2, 11 USC 362(d) and (e) that 11 USC 362(e) reads as follows:

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later that thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

DATED this 24 day of March, 2016.

MORROW & FISCHER, PLLC

By Laura E Burri
Laura E. Burri
Attorney for NWL

**CERTIFICATE OF MAILING**

I hereby certify that on the 24 day of March, 2016, I served a copy of the foregoing document on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing "(by ECF"). Additionally, for those parties who are not CM/ECF Registered Participants, a copy of the foregoing document was served by first class mail, postage prepaid ("by mail"):

| | | |
|---|---|---|
| Brandon and Stephanie Curtiss<br>2706 N Ridge Haven Way<br>Meridian, ID 83646 | via US Mail | |
| Glenn William Godfrey, Jr | via ECF | expressbkservices@gmail.com |
| Janie P Reynard | via ECF | |
| United States Trustee | via ECF | ustp.region18.bs.ecf@usdoj.gov |
| Jerron Moore<br>Northwest Leasing<br>POB 7247<br>Boise, ID 83707 | via US Mail | |

Laura E. Burri

ase No. 501608P

**NORTHWEST LEASING**

Northwest Leasing of Boise, ID
(208) 336-6222

**CLOSED END MOTOR VEHICLE LEASE AGREEMENT AND DISCLOSURE**

## 1. PARTIES

*Lessor*

Deal #27717, Stock #501608P

DENNIS DILLON DODGE CHRYSLER J — (208) 459 7405 — 03/03/14
NAME OF LESSOR — LESSOR TELEPHONE NUMBER — LEASE DATE

4025 E CLEVELAND BLVD — CALDWELL, ID 83605
STREET ADDRESS — CITY, STATE, ZIP CODE

*Lessee & Co-Lessee*

BRANDON R. CURTISS — STEPHANIE CURTISS
NAME OF LESSEE — NAME OF CO-LESSEE — NAME OF DRIVER (IF LESSEE IS A BUSINESS)

2704 N RIDGE HAVEN WAY — MERIDIAN ID ADA — 83642
LESSEE STREET ADDRESS — CITY, STATE, COUNTY — ZIP CODE

N/A — N/A — N/A
LESSEE BILLING ADDRESS (IF DIFFERENT FROM ABOVE) — CITY, STATE, COUNTY — ZIP CODE

VEHICLE GARAGING ADDRESS (IF DIFFERENT FROM ABOVE) — CITY, STATE, COUNTY — ZIP CODE

"You and "your" refer equally to the Lessee and Co-Lessee (if any) signing this Lease. "We," "us" and "our" refer to the Lessor named above and any assignee, if this Lease is assigned. "Vehicle" refers to the Motor Vehicle described below, including attachments, equipment and accessories. You agree to lease this Vehicle from us under the terms on the front and back of this Lease. You understand that this is a Lease. You do not own this Vehicle, unless and until you exercise your option to purchase this Vehicle.

## 2. DESCRIPTION OF LEASED PROPERTY

| | | YEAR | NO CYL | MAKE | MODEL NAME | COLOR(S) | IDENTIFICATION |
|---|---|---|---|---|---|---|---|
| CAR TRUCK | GAS DIESEL | 2009 | 4 | AUDI | A4 | BRILLIANT B | WAUMK78K99A134777 |

New Used 73344 — BRILLI /K
ODOMETER READING — COLOR/KEY CODE#

## 3. CONSUMER LEASING ACT DISCLOSURE BOX

***AMOUNT DUE AT LEASE SIGNING***
(From Section 4, itemized below)
$ 5050.77

***MONTHLY PAYMENTS***
Your first monthly payment of $ N/A due on signing, followed by 48 payments of $ 444.38 due 10th of each month, beginning on 04/10/14. The total of your monthly payments is $ 21327.84

***OTHER CHARGES**** *(Not part of your monthly payment)*

| | | |
|---|---|---|
| a) Disposition Fee (if you do not purchase the vehicle) | +$ | 300.00 |
| b) Documentation fee | +$ | 50.00 |
| c) Title fee | +$ | 14.00 |
| d) **Total** | =$ | **364.00** |

*In addition, you may have to pay excess wear and tear and mileage, if any.

***TOTAL OF PAYMENTS***
(The amount you will have paid by the end of the Lease)
$ 26736.61

## 4. ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING

***AMOUNT DUE AT LEASE SIGNING***

| | | |
|---|---|---|
| a) Capitalized Cost Reduction including any net trade-in allowance | $ | 5036.77 |
| b) First Monthly Payment | +$ | N/A |
| c) Refundable Security Deposit | +$ | N/A |
| d) Title Fees | +$ | 14.00 |
| e) Registration Fees | +$ | N/A |
| f) Tax on Capitalized Cost Reduction | +$ | N/A |
| g) Sales Tax Paid in Advance | +$ | N/A |
| h) Documentation Fee | +$ | N/A |
| i) None | +$ | N/A |
| j) None | +$ | N/A |
| k) Total | =$ | 5050.77 |

***HOW THE AMOUNT DUE AT LEASE SIGNING WILL BE PAID***

| | | |
|---|---|---|
| I) Net Trade-In Allowance | $ | 5036.77 |
| II) Rebates and Non-Cash Credits | +$ | N/A |
| III) Amount to be Paid in Cash | +$ | 14.00 |
| IV) Total | =$ | 5050.77 |

Assigned to U.S. Bank N.A.
Date March 17, 2014
Signature [signature]

## 5. YOUR MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW

a) **Gross Capitalized Cost.** The agreed upon value of the vehicle ($ 20294.00) and any items you pay for over the lease term such as taxes, fees, service contracts, insurance and any outstanding prior loan or lease balance. If you want an itemization of this amount, please see Section 7 $ 24487.00

f) **Rent Charge.** The amount charged in addition to the depreciation and any amortized amounts + 5670.41

g) **Total of Base Monthly Payments.** The depreciation and any amortized amounts plus the rent charge = 20120.64

h) **Lease Term.** The number of months

**EXHIBIT A**

amount of any net trade-in allowance, rebate, non-cash credit or cash you pay that reduces the gross capitalized cost - 5036.77

c) **Adjusted Capitalized Cost.** The amount used in calculating your base monthly payment = 19450.23

d) **Residual Value.** The value of the Vehicle at the end of the Lease used in calculating your base monthly payment - 5000.00

e) **Depreciation and Any Amortized Amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the lease term = 14450.23

i) **Base Monthly Payment** = 419.18

j) **Monthly Sales, Use or Lease Tax** + 25.15

k) **Monthly Luxury Tax** + N/A

l) **Total Monthly Payment** =$ 444.33

## 6. IMPORTANT TERMS

**Early Termination.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be. See Section 13.

**Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of 12000 miles per year at the rate of 25 cents per mile. See Section 19 ☐ If this box is checked, this mileage includes N/A miles over the term of the lease purchased at 25 cents per mile, which is included in your monthly payment.

**Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the lease term for $ 5000.00 and a Purchase Option Fee of **$300.00** See Section 14.

**Purchase Prior to Lease Term.** You also have an option to purchase the vehicle prior to the end of the lease term. The purchase in such event should be determined in accordance with the formula set forth in section 13 (c) of this agreement, plus an early purchase option fee of $500.00.

**Other Important Terms.** This Lease contains additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

## 7. ITEMIZATION OF GROSS CAPITALIZED COST

The following items you will pay for over the lease term and are in your monthly payment:

| | | |
|---|---|---|
| a) | **Agreed-upon Value of the Vehicle** | + 20,994.00 |
| b) | **Up-Front Sales Tax, if applicable** | + N/A |
| c) | **Title, License and Registration** | + N/A |
| d) | **Acquisition Fee** | + [illegible] |
| e) | **Service Contract and/or Maintenance Contract (See Section 10)** | + 3199.00 |
| f) | **Credit Life and/or Disability Insurance (See Section 10)** | + N/A |
| g) | **Outstanding Prior Loan or Lease Balance** DOC FEE | + N/A<br>299.00 |
| h) | **GAP** | + N/A |
| i) | **Total Gross Capitalized Cost** | = 24487.00 |

## 8. VEHICLE WARRANTIES

The leased a vehicle is subject to the following express warranty and is covered only by any warranty, extended warranty, service contract or maintenance contract indicated below:

- Standard New Vehicle Limited Warranty provided by the manufacturer or distributor of this Vehicle
- Maintenance Contract, a contract for regularly scheduled care and maintenance of this Vehicle
- XX Mechanical Breakdown Protection (MBP), a service contract for the repairs of certain major mechanical breakdowns of this Vehicle and related expenses
- Used Vehicle Limited Warranty
- Property Leased "AS IS," NO WARRANTIES APPLY.

EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, WE OFFER NO EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THIS VEHICLE. IN PARTICULAR, WE MAKE NO IMPLIED WARRANTY OF MERCHANTABILITY AND THERE IS NO WARRANTY THAT THIS VEHICLE WILL BE FIT FOR A PARTICULAR PURPOSE.

## 9. ESTIMATED FEES AND TAXES

The estimated total amount you will pay for official and license fees, registration, title and taxes, including personal taxes over the term of your Lease, whether included with your monthly payments or assessed otherwise is $ 1263.20

## 10. OPTIONAL INSURANCE AND WARRANTIES

These coverages are not required to enter into this Lease and will not be provided unless you sign below. If insurance and/or warranties are purchased by you, the coverages are shown in a notice given to you on this date and are for the term of the Lease. (Please see below.)

*Credit Life Insurance*

N/A — INSURER; $ None — INITIAL COVERAGE AMOUNT

N/A — INSURED(S); $ 0.00 — PREMIUM

LESSEE INITIALS; CO-LESSEE INITIALS

*Credit Disability Insurance*

N/A — INSURER; $ N/A — MONTHLY COVERAGE AMOUNT

N/A — INSURED(S); $ N/A — PREMIUM

LESSEE INITIALS; CO-LESSEE INITIALS

*Mechanical Breakdown Protection*

EFG COMPANIES — PROVIDER; $ 3199.00 — CHARGE

LESSEE INITIALS; $ CO-LESSEE INITIALS

*GAP Coverage*

PROVIDER; $ N/A — CHARGE

LESSEE INITIALS; $ CO-LESSEE INITIALS

*Total Premiums/Charges* $ 3199.00

IX4B79111

# Additional Terms and Conditions

## ENDING YOUR LEASE

### 11. *Vehicle Return*

When your Lease terminates, whether early or as scheduled, you will return the Vehicle to the originating dealer or other location we specify. If you keep possession of the Vehicle past the end of the lease term, you will continue to pay the monthly payments, but you agree that you have no right to keep this Vehicle unless you enter into a written agreement with us extending the lease term, and you will pay us for any damages we suffer because you failed to return this Vehicle at the end of the lease term.

### 12. *Scheduled Termination*

At the end of the lease term, you will return this Vehicle and pay us immediately:

a) a Disposition Fee equal to the amount disclosed in Section 3; plus
b) all past-due monthly payments, and other charges under this Lease; plus
c) any amounts owed as a result of excess wear and tear, as disclosed in Section 19; plus
d) any Excess Mileage Charge at lease maturity, or an Excess Mileage Charge for the period for which this Lease was in effect pro-rated monthly, as disclosed in Section 6; plus
e) any taxes related to termination

### 13. *Early Termination*

a) **Conditions for YOUR early termination.** You may terminate this Lease before the end of the lease term, effective on the due date of a monthly lease payment only under the following conditions: you return the vehicle, you are not in default, you have paid at least 12 monthly payments, you give us at least 30 days prior written notice, and you pay us the amount disclosed in Section 13 (c)

b) **Conditions for OUR early termination.** We may terminate this Lease before the end of the lease term if you are in default, as described in Section 24, and upon such termination we shall be entitled to the charges described in Section 13 (c), Section 19, and Section 24.

c) **Amounts you will owe at Early Termination.** If this Lease is terminated before the end of the lease term under section 13 (a) or Section 13 (b), then the charge for such early termination, which you will pay us, shall be:

I) the amounts disclosed in Section 12, plus
an Early Termination Charge equal the difference, if any, between the
II) Unpaid Adjusted Capitalized Cost and this Vehicle's Fair Market Wholesale Value, plus
III) if you are in default, the amounts disclosed in Sections 19 & 24.

"Unpaid Adjusted Capitalized Cost" is calculated by reducing the Adjusted Capitalized Cost (Section 5c) each month by the difference between the Base Monthly Payment (Section 5i) and the part of the Rent Charge (Section 5f) earned in that month on an actuarial basis (normal). "Fair Market Wholesale Value" is the wholesale value assigned by us in a commercially reasonable manner in accordance with accepted practices in the automobile industry for valuation of used vehicles, or by a written agreement as to the Vehicle's value signed by you and us. If you disagree with the value we assign to the Vehicle, you may obtain, at your own expense, within 10 days after you return the Vehicle, a professional appraisal of this Vehicle's wholesale value made by an independent third party agreeable to both you and us (the "Professional Appraisal"). If a Professional Appraisal is used to value the Vehicle, and no amounts disclosed in Section 19 will be due from you.

### 14. *Purchase Option*

You have the option to purchase this Vehicle "AS IS" from the originating dealer, or other location we specify, in cash for the Purchase Option Price, plus any official fees and taxes, vehicle inspection costs required in connection with the purchase, and a Purchase Option Fee of **$300.00.** If you purchase the Vehicle at the end of the lease term, the Purchase Option Price will be the Residual Value shown in Section 5d. If you purchase the Vehicle before the end of the lease term, the Purchase Option Price will be the Unpaid Adjusted Capitalized Cost disclosed in Section 13c plus purchase option fee prior to lease end of **$500.** Section 6. In either case, you must also pay other amounts due under this Lease at the time of purchase.

## VEHICLE INSURANCE, MAINTENANCE, PAYMENTS AND USE

### 15. *Mandatory Insurance*

The following types and amounts of insurance must and will be acquired in connection with this Lease: a) comprehensive, including fire and theft insurance if this Vehicle is a car; or fire, theft and combined additional coverage if this Vehicle is a truck with a maximum deductible of $500; b) Collision insurance with a maximum deductible of **$500;** c) property damage liability of **$50,000** per occurrence; and d) Bodily injury liability of **$100,000** per person and **$300,000** per occurrence. Your insurance policy must name us a loss payee on coverages (a) and (b) and provide us with primary coverages as an additional insured on coverages (c) and (d). You agree to provide insurance coverage in the amount and type indicated above and you also will provide us with proof of insurance at lease inception. Your insurance policy must provide us with at least **30** days notice of any cancellation, reduction or other material change in coverage. You appoint us as your attorney-in-fact to arrange for and procure payment of insurance loss proceeds directly with your insurance carrier(s) and to endorse, present and collect insurance loss proceeds checks. **NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.**

### 16. *Late Charge, Returned Check Charge, and Fines*

Payments are due on the due date. If any monthly payment is not received in full by us within **10** days after its due date, you will pay a late charge of 5% of the monthly payment due or $25.00, whichever is greater or as allowed by state law. Payment shall be applied to the most past due payment. If any payment you make to us is not honored, or is charged back to us, in addition to any late charge, you will pay us a $20.00 service charge, or such other charge as allowed by state law. You will pay when due any fine imposed on this Vehicle, such as a parking ticket, until you return this Vehicle to us. Should we have to pay any fine on your behalf, you will pay us the amount of the fine plus a **$20.00** administrative charge, or such other charge as allowed by state law.

### 17. *Official Fees and Taxes*

You will pay when due all official fees and taxes, including registration, title and license fees, and personal property taxes related to this Vehicle or this Lease, which are incurred during the lease term, even if they are assessed after this Lease terminates. Should we have to pay any official fee or tax on your behalf, you will pay us the amount of the official fee or tax, and any interest or penalties assessed.

### 18. *Vehicle Maintenance and Use*

We are not responsible for any maintenance or servicing of the leased Vehicle. You agree to maintain this Vehicle at your own expense. You agree to follow the owner's manual and maintenance schedule and to make all necessary repairs and replacement of parts. This Vehicle may not be used for any illegal purpose or to transport people or goods for hire. Except for occasional and incidental use by other licensed, qualified operators with your permission, you shall retain possession of this Vehicle. You will not alter or install any equipment upon this Vehicle and will pay our cost to restore this Vehicle to its original condition. You agree to indemnify us for any loss, liability or expense arising from the use or condition of this Vehicle. You agree to keep this Vehicle free from liens and encumbrances. If you leased this Vehicle in the 48 contiguous United States, you will not remove this Vehicle from these 48 states without our prior consent. If you remove this Vehicle from your state of residence or the garaging address identified in this Lease such that new registration or licensing will be required, you will notify us immediately in writing and will bear all related expenses. You will complete a statement of this Vehicle's mileage at the end of this Lease as required by federal law. You will provide and complete any other document necessary to comply with any applicable federal , state or local law regarding this Vehicle or this Lease.

### 19. *Excess Wear and Tear, Use, and Standards*

You are responsible for all repairs to this Vehicle that are not the result of normal wear and tear. At the end of the lease term or at early termination, you will pay us the amount it would cost for the repairs (except in the case when a Professional Appraisal, as set forth in Section 13, is used to value the Vehicle). The following standards are applicable for determining unreasonable or excess wear, use and tear of the leased vehicle, and the repairs you will be required to pay for include, but are not limited to the costs necessary to:

a) REPAIR: inoperative mechanical parts including power accessories; dents, scratches, chips or rusted areas on the body; mismatched paint; broken windows or inoperative window mechanisms; broken headlight lenses or sealed beams; dents, cuts, scratches or gauges in the bumper; broken grilles or dents in the grilles; single dents or a series of small dents on other trim parts, including headlight and taillight bezels; or seats, seat belts, head lining, door panels or carpeting that are torn or are damaged beyond ordinary wear and tear or are burned.

b) REPLACE: any windshield damaged with chips, cracks or bull's eyes, any tire not part of a matching set of 5 tires (or four with an emergency spare), or tires with less than 1/8" of tread remaining at the shallowest point, or tires which are not a matching set of tires of comparable type and quality to the tires furnished with this Vehicle upon commencement of this Lease; missing parts, accessories and adornments, including bumpers,

## 20. *Notices*

Unless you give prior written notice of a change in your address, we may send any notices to the Lessee's address shown on this Lease. Any notice will be deemed sufficiently given to a Co-Lessee if sent to the Lessee's address, unless you give us written notice of a separate address. You will notify us within 30 days of any address change.

## 21. *Security Deposit*

We may use the security deposit to off set any amounts that you owe under this Lease. If you perform all of your obligations under this Lease, the security deposit will be returned to you at the end of the lease term. No interest, increase or profits will accrue or be due to you. We have no duty to segregate the security deposit and do not have a fiduciary duty to you in regards to the security deposit.

## 22. *Security Interest*

We reserve a security interest in the leased vehicle to secure performance of your obligations under this Lease. Unless otherwise precluded by applicable law, you give us a security interest in this Vehicle or in proceeds, cancellation refunds or other rights under any contract issued with respect to this Vehicle, this Lease or any addendum to this Lease, including, without limitation, insurance contracts, maintenance contracts, repair contracts and extented warranty service contracts.

## 23. *Assignment*

We may assign our interest in this Lease without prior notice and without your consent. YOU AGREE THAT YOU HAVE NO RIGHT TO ASSIGN, TRANSFER OR SUBLEASE ANY OF YOUR RIGHTS UNDER THIS LEASE.

## 24. *Default*

You will be in default if a) you do not make a payment when due; b) any information on your or a guarantor's credit application is false, c) you do not maintain insurance coverage required by this Lease, d) you do not timely or properly perform any promise under this Lease e) you or a guarantor become subject to bankruptcy or insolvency proceedings; f) you commit any other act constituting default under applicable law. In the event of default, we may terminate this Lease and, after giving any legally required notice: i) charge you for early termination liability pursuant to Section 13; (ii) repossess this Vehicle as allowed by law; (iii) charge you for our costs of such repossession, storing, transporting and disposing of this Vehicle, (iv) charge you for our costs of collection, any court costs and attorney's fees to the extent permitted by applicable law; (v) sue you for damages and to recover this Vehicle; (vi) and/or pursue any other legally permitted remedy. Unless otherwise required by law, we are not required to give you prior notice of our termination of this Lease pursuant to this section and your resulting early termination liability as determined in Section 13. To the extent permitted by law you agree that if we accept moneys in sums less than those due, accept payments which are received after their scheduled due dates, or make extensions of due dates of payments under this Lease, doing so will not be a waiver of our right to enforce the lease terms as written as to any amounts due thereafter.

## 25. *Damage, Loss or Potential Loss of This Vehicle*

You are responsible for the risk of loss, damage or destruction of this vehicle during the lease term and until this vehicle is returned to us under the terms of the lease naming us as an additional named insured as provided in section 15 above. If this vehicle is damaged or destroyed by accident or other occurrence, confiscated by governmental authority or is stolen, abandoned or subject to potential loss, you will immediately notify us and we may terminate this lease. The terms of such termination are: a) you may elect the purchase option section 14, to be exercised within 30 days, or b) your obligation to us will be as set forth in section 13(c) and section 19 will not apply.

## SIGNATURES

This Lease is the entire agreement and can only be changed by written agreement between the Lessee, Co-Lessee (if applicable) and Lessor, or any assignee, if this Lease is assigned. There are no other written or verbal agreements. Any provision of this Lease which is invalid, illegal or unenforceable shall be ineffective without affecting in any way the remaining provisions. All lessees and guarantors are jointly and severally liable.

### *Lessee*

YOU HAVE READ BOTH SIDES AND RECEIVED A COMPLETED COPY OF THIS LEASE BEFORE SIGNING BELOW.

**By signing below, you acknowledge that:**

- **This Lease is completely filled out**
- **You have read this entire Lease carefully and agree to all of its terms before signing.**

**CAUTION - - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS LEASE AGREEMENT BEFORE YOU SIGN IT.**

| [signature] LESSEE SIGNATURE | Stephanie Curtiss CO-LESSEE SIGNATURE | BUSINESS NAME |
|---|---|---|
| DRIVER'S LICENSE NUMBER & STATE | DRIVER'S LICENSE NUMBER & STATE | BY (SIGNATURE) |
| | | NAME (PLEASE PRINT) TITLE |

For purposes of this section, I/We/my/our/me/us refers solely to Guarantor. I/We jointly, severally and unconditionally guarantee the performance of all payment and other obligations of the Lessee, under this Lease. Upon any default by Lessee, Lessor may, at Lessor's option, proceed immediately against me/us without first proceeding against Lessee, any other guarantor or taking possession of and disposing of this Vehicle. My/Our liability is primary and will be unaffected by any settlement, compromise, extension, renewal or modification of this Lease or by any release or discharge of Lessee or other guarantor. I/We waive all notices and all rights to demands and presentments. This guarantee inures to the benefit of Lessor's successors and assigns.

| GUARANTOR SIGNATURE | GUARANTOR SIGNATURE |
|---|---|
| PRINT NAME | PRINT NAME |

a) Lessor accepts the terms of this Lease; and
b) Lessor assigns and transfers to (See checked location) Northwest Leasing of Boise, ID  Northwest Leasing of Mountain Home, ID all of Lessor's rights, title and interest in and to this Vehicle and this Lease including all amounts payable thereunder.
c) "FULL GUARANTEE" Notwithstanding the terms of the Retailer Agreement between Lessor and the above assignee, Lessor unconditionally guarantees payment of all amounts owed under this Lease and agrees to repurchase this Lease and the Vehicle from the said assignee upon demand, for the full amount lawfully owed under this Lease, if Lessee is at any time in default under any provision of this Lease. (This item applies only if initialed by Lessor). This guarantee will not be affected by any act or omission by the assignee, and the assignee shall not be required to take, or not take, any action as a condition to enforcement of this guarantee. All notices and rights to demands and presentments are hereby waived.
By signing below, the Lessor accepts the terms and conditions of this Lease.

LESSOR (PRINT NAME) [signature: Moore]

LESSOR SIGNATURE    TITLE

# IDAHO CERTIFICATE OF TITLE

ITD 3517 (Rev. 06-13)
Supply # 018755298

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | BODY | MODEL | DESCRIPTION |
|---|---|---|---|---|---|
| WAUMK78K99A134777 | 2009 | AUDI | 4D | AA4 | |

| 2ND VEHICLE IDENTIFICATION NUMBER | ODOMETER READING | DATE |
|---|---|---|
| | 73344 ACTUAL | 03/03/2014 |

| TITLE NUMBER | PRINT DATE | WEIGHT | LENGTH | WIDTH | HULL | HORSEPOWER | PROPULSION |
|---|---|---|---|---|---|---|---|
| A123024989 | 04/15/2014 | | | | | | |

OWNER'S NAME AND ADDRESS

NORTHWEST LEASING OF BOISE LSR
CURTISS, BRANDON RICHARD LSE
CURTISS, STEPHANIE LSE
PO BOX 5308
PORTLAND, OR 97228

OTHER PERTINENT DATA

VOID IF ALTERED EAGLE WATERMARK VISIBLE IF HELD TO LIGHT

## Assignment of Title

Warning: It is a felony to enter a false selling price, name, or address, or to alter or forge this document. Federal and State laws require you to state the mileage when transferring motor vehicle ownership. Failure to complete or providing false information may result in fines and/or imprisonment.

1 **Odometer Reading** - Reading is actual unless indicated otherwise
(No tenths) Reading Date
☐ In Excess of Mechanical Limits ☐ Exempt
☐ Not Actual - **Warning: Odometer Discrepancy** ☐ No Device

2 Date Sold Selling Price (See warning above)

3 Seller's or Representative's Printed Name(s)

4 I certify, to the best of my knowledge, that the odometer reading reflects the actual mileage, unless otherwise indicated. I also hereby transfer ownership to the named purchaser. I realize I must file a release of liability statement within five days of delivering the vehicle to the purchaser.
Seller's or Representative's Signature
A X
B X

5 A 1st Purchaser's Full Printed Legal Name / Idaho Driver's License No. or SSN; EIN if Business
B 2nd Purchaser's Full Printed Legal Name / Idaho Driver's License No. or SSN; EIN if Business

6 Mailing Address and Physical Address (if different)

7 City State Zip

8 If I apply for title in Idaho, I know I must do so within 30 days of purchase or a $20.00 late filing penalty will be due. I am aware of the odometer certification made by the seller.
1st Purchaser's Signature (or Representative's Signature)
A X
2nd Purchaser's Signature (or Representative's Printed Name)
B X

## Lienholder Section

First Lien
US BANK
PO BOX 5308
PORTLAND, OR 97228-5308
RECORDED 03/28/2014

9 Signature Releasing Lien X Date

Second Lien

9

10 Signature Releasing Lien X Date

11 New Lienholder's Name

12 Address

13 City State Zip

11950516

---

(Rev. 06-13) **$3.50 Fee*** **Release of Liability Statement** **$3.50 Fee***

**Please Print Clearly – All Information Must Be Complete – Notification by Seller/Transferor is Mandatory for Motor Vehicles**

| Vehicle or Hull Identification Number (VIN/HIN) | Year | Make | Body | Title Number |
|---|---|---|---|---|
| WAUMK78K99A134777 | 2009 | AUDI | 4D | A123024989 |

| Seller's Full Legal Name | Purchaser's Full Legal Name |
|---|---|
| Idaho Driver's License Number or SSN; EIN if Business | Idaho Drivers License Number or SSN; EIN if Business |
| Physical Address City State Zip | Physical Address City State Zip |

| Odometer Reading | Selling Price | Date Vehicle Delivered to Purchaser(s) | - See reverse side for mailing and payment instructions - |
|---|---|---|---|
| | $ | | |

I hereby request that the Idaho Transportation Department mark its records to show the vehicle described above has been transferred. I understand that the title record will remain in my name until a new Idaho Certificate of Title is applied for and issued in the name(s) of the new owner(s).

Seller's/Transferor's Signature X ____________________

*Fee effective January 1, 2010 and subject to change. Before sending this notice, please visit dmv.idaho.gov to verify the current fee.




Northwest Leasing of Boise, ID
(208) 336-6222

Lease No. 501665P

# CLOSED END MOTOR VEHICLE LEASE AGREEMENT AND DISCLOSURE

## 1. PARTIES

*Lessor*
DENNIS DILLON DODGE CHRYSLER J (208) 459-7405 — Deal #31974, Stock #501665P
NAME OF LESSOR / LESSOR TELEPHONE NUMBER
4025 E CLEVELAND BLVD — CALDWELL, ID 83605 — LEASE DATE 08/04/14
STREET ADDRESS / CITY, STATE, ZIP CODE

*Lessee & Co-Lessee*
NAME OF LESSEE: MEGHAN CURTISS — NAME OF CO-LESSEE: BRANDON R. CURTISS — NAME OF DRIVER (IF LESSEE IS A BUSINESS)
LESSEE STREET ADDRESS: 2706 N RIDGE HAVEN WAY — CITY, STATE, COUNTY: MERIDIAN, ID ADA — ZIP CODE 83646
LESSEE BILLING ADDRESS (IF DIFFERENT FROM ABOVE): N/A — CITY, STATE, COUNTY: N/A — ZIP CODE N/A
VEHICLE GARAGING ADDRESS (IF DIFFERENT FROM ABOVE) — CITY, STATE, COUNTY — ZIP CODE

"You and "your" refer equally to the Lessee and Co-Lessee (if any) signing this Lease. "We," "us" and "our" refer to the Lessor named above and any assignee, if this Lease is assigned. "Vehicle" refers to the Motor Vehicle described below, including attachments, equipment and accessories. You agree to lease this Vehicle from us under the terms on the front and back of this Lease. You understand that this is a Lease. You do not own this Vehicle, unless and until you exercise your option to purchase this Vehicle.

## 2. DESCRIPTION OF LEASED PROPERTY

| CAR / TRUCK | GAS / DIESEL | YEAR | NO CYL | MAKE | MODEL NAME | COLOR(S) | IDENTIFICATION |
|---|---|---|---|---|---|---|---|
| XX CAR | XX GAS | 2013 | 4 | CHRYSLER | 200 | DEEP CHERRY | 1C3CCBBB5DN589803 |

New XX Used 37456 (ODOMETER READING) DEEP C /F (COLOR/KEY CODE#)

## 3. CONSUMER LEASING ACT DISCLOSURE BOX

| AMOUNT DUE AT LEASE SIGNING | MONTHLY PAYMENTS | OTHER CHARGES* (Not part of your monthly payment) | TOTAL OF PAYMENTS |
|---|---|---|---|
| (From Section 4, itemized below) $ 1000.00 | Your first monthly payment of $ N/A due on signing, followed by 60 payments of $ 287.06 due 10th of each month, beginning on 09/10/14. The total of your monthly payments is $ 17223.60 | a) Disposition Fee (If you do not purchase the vehicle) +$ 300.00<br>b) Documentation fee +$ 50.00<br>c) Title fee +$ 14.00<br>d) **Total** =$ **364.00**<br>*In addition, you may have to pay excess wear and tear and mileage, if any. | (The amount you will have paid by the end of the Lease) $ 18581.60 |

## 4. ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING

*AMOUNT DUE AT LEASE SIGNING*

| | | |
|---|---|---|
| a) | Capitalized Cost Reduction including any net trade-in allowance | $ 930.19 |
| b) | First Monthly Payment | +$ N/A |
| c) | Refundable Security Deposit | +$ N/A |
| d) | Title Fees | +$ 14.00 |
| e) | Registration Fees | +$ N/A |
| f) | Tax on Capitalized Cost Reduction | +$ 55.81 |
| g) | Sales Tax Paid in Advance | +$ N/A |
| h) | Documentation Fee | +$ N/A |
| i) | None | +$ N/A |
| j) | None | +$ N/A |
| k) | Total | =$ 1000.00 |

*HOW THE AMOUNT DUE AT LEASE SIGNING WILL BE PAID*

| | | |
|---|---|---|
| I) | Net Trade-In Allowance | $ N/A |
| II) | Rebates and Non-Cash Credits | +$ N/A |
| III) | Amount to be Paid in Cash | +$ 1000.00 |
| IV) | Total | =$ 1000.00 |

**Assigned to U.S. Bank N.A.**
**Date** August 7, 2014
**Signature** Beth P[signature]

## 5. YOUR MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW

a) **Gross Capitalized Cost.** The agreed upon value of the vehicle ($ 15994.00) and any items you pay for over the lease term such as taxes, fees, service contracts, insurance and any outstanding prior loan or lease balance. If you want an itemization of this amount, please see Section 7 $ 15787.00

f) **Rent Charge.** The amount charged in addition to the depreciation and any amortized amounts + 5891.79

g) **Total of Base Monthly Payments.** The depreciation and any amortized amounts plus the rent charge = 16248.60

**Lease Term.** The number of months 60

EXHIBIT B

rebate, non-cash credit or cash you pay that reduces the gross capitalized cost - 930.19

c) **Adjusted Capitalized Cost.** The amount used in calculating your base monthly payment = 14856.81

d) **Residual Value.** The value of the Vehicle at the end of the Lease used in calculating your base monthly payment - 4500.00

e) **Depreciation and Any Amortized Amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the lease term = 10356.81

i) **Base Monthly Payment** =

j) **Monthly Sales, Use or Lease Tax** + 16.25

k) **Monthly Luxury Tax** + N/A

l) **Total Monthly Payment** =$ 287.06

## 6. IMPORTANT TERMS

**Early Termination.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be. See Section 13.

**Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of 12000 miles per year at the rate of 25 cents per mile. See Section 19 ☐ If this box is checked, this mileage includes N/A miles over the term of the lease purchased at 25 cents per mile, which is included in your monthly payment.

**Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the lease term for $ 4500.00, and a Purchase Option Fee of **$300.00** See Section 14.

**Purchase Prior to Lease Term.** You also have an option to purchase the vehicle prior to the end of the lease term. The purchase in such event should be determined in accordance with the formula set forth in section 13 (c) of this agreement, plus an early purchase option fee of $500.00.

**Other Important Terms.** This Lease contains additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

## 7. ITEMIZATION OF GROSS CAPITALIZED COST

The following items you will pay for over the lease term and are in your monthly payment:

| | | |
|---|---|---|
| a) | **Agreed-upon Value of the Vehicle** | + 13999.00 |
| b) | **Up-Front Sales Tax, if applicable** | + N/A |
| c) | **Title, License and Registration** | + N/A |
| d) | **Acquisition Fee** | + 695.00 |
| e) | **Service Contract and/or Maintenance Contract (See Section 10)** | + N/A |
| f) | **Credit Life and/or Disability Insurance (See Section 10)** | + N/A |
| g) | **Outstanding Prior Loan or Lease Balance** DOC FEE | + N/A<br>299.00 |
| h) | **GAP** | + 799.00 |
| i) | **Total Gross Capitalized Cost** | = 15787.00 |

## 8. VEHICLE WARRANTIES

The leased a vehicle is subject to the following express warranty and is covered only by any warranty, extended warranty, service contract or maintenance contract indicated below:

- Standard New Vehicle Limited Warranty provided by the manufacturer or distributor of this Vehicle
- Maintenance Contract, a contract for regularly scheduled care and maintenance of this Vehicle
- Mechanical Breakdown Protection (MBP), a service contract for the repairs of certain major mechanical breakdowns of this Vehicle and related expenses
- Used Vehicle Limited Warranty
- Property Leased "AS IS," NO WARRANTIES APPLY.

EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, WE OFFER NO EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THIS VEHICLE. IN PARTICULAR, WE MAKE NO IMPLIED WARRANTY OF MERCHANTABILITY AND THERE IS NO WARRANTY THAT THIS VEHICLE WILL BE FIT FOR A PARTICULAR PURPOSE.

## 9. ESTIMATED FEES AND TAXES

The estimated total amount you will pay for official and license fees, registration, title and taxes, including personal taxes over the term of your Lease, whether included with your monthly payments or assessed otherwise is $ 1100.81

## 10. OPTIONAL INSURANCE AND WARRANTIES

These coverages are not required to enter into this Lease and will not be provided unless you sign below. If insurance and/or warranties are purchased by you, the coverages are shown in a notice given to you on this date and are for the term of the Lease. (Please see below.)

*Credit Life Insurance*

N/A — INSURER; N/A — INSURED(S); LESSEE INITIALS

$ None — INITIAL COVERAGE AMOUNT; $ 0.00 — PREMIUM; CO-LESSEE INITIALS

*Credit Disability Insurance*

N/A — INSURER; N/A — INSURED(S); LESSEE INITIALS

$ N/A — MONTHLY COVERAGE AMOUNT; $ N/A — PREMIUM; CO-LESSEE INITIALS

*Mechanical Breakdown Protection*

N/A — PROVIDER; LESSEE INITIALS

$ N/A — CHARGE; $ CO-LESSEE INITIALS

*GAP Coverage*

PROVIDER; LESSEE INITIALS

$ 799.00 — CHARGE; $ CO-LESSEE INITIALS

*Total Premiums/Charges* $ 799.00

/10B79111

NWL-12/05

The Reynolds and Reynolds Company CC701697 Q (9/11)

# Additional Terms and Conditions

## ENDING YOUR LEASE

### 11 *Vehicle Return*

When your Lease terminates, whether early or as scheduled, you will return the Vehicle to the originating dealer or other location we specify. If you keep possession of the Vehicle past the end of the lease term, you will continue to pay the monthly payments, but you agree that you have no right to keep this Vehicle unless you enter into a written agreement with us extending the lease term, and you will pay us for any damages we suffer because you failed to return this Vehicle at the end of the lease term.

### 12 *Scheduled Termination*

At the end of the lease term, you will return this Vehicle and pay us immediately:

a) a Disposition Fee equal to the amount disclosed in Section 3; plus
b) all past-due monthly payments, and other charges under this Lease; plus
c) any amounts owed as a result of excess wear and tear, as disclosed in Section 19; plus
d) any Excess Mileage Charge at lease maturity, or an Excess Mileage Charge for the period for which this Lease was in effect pro-rated monthly, as disclosed in Section 6; plus
e) any taxes related to termination

### 13 *Early Termination*

a) **Conditions for YOUR early termination.** You may terminate this Lease before the end of the lease term, effective on the due date of a monthly lease payment only under the following conditions: you return the vehicle, you are not in default, you have paid at least **12** monthly payments, you give us at least **30** days prior written notice, and you pay us the amount disclosed in Section 13 (c)
b) **Conditions for OUR early termination.** We may terminate this Lease before the end of the lease term if you are in default, as described in Section 24, and upon such termination we shall be entitled to the charges described in Section 13 (c), Section 19, and Section 24.
c) **Amounts you will owe at Early Termination.** If this Lease is terminated before the end of the lease term under section 13 (a) or Section 13 (b), then the charge for such early termination, which you will pay us, shall be:

I) the amounts disclosed in Section 12, plus an Early Termination Charge equal the difference, if any, between the
II) Unpaid Adjusted Capitalized Cost and this Vehicle's Fair Market Wholesale Value, plus
III) if you are in default, the amounts disclosed in Sections 19 & 24.

"Unpaid Adjusted Capitalized Cost" is calculated by reducing the Adjusted Capitalized Cost (Section 5c) each month by the difference between the Base Monthly Payment (Section 5i) and the part of the Rent Charge (Section 5f) earned in that month on an actuarial basis (normal) "Fair Market Wholesale Value" is the wholesale value assigned by us in a commercially reasonable manner in accordance with accepted practices in the automobile industry for valuation of used vehicles, or by a written agreement as to the Vehicle's value signed by you and us. If you disagree with the value we assign to the Vehicle, you may obtain, at your own expense, within 10 days after you return the Vehicle, a professional appraisal of this Vehicle's wholesale value made by an independent third party agreeable to both you and us (the "Professional Appraisal"). If a Professional Appraisal is used to value the Vehicle, and no amounts disclosed in Section 19 will be due from you.

### 14 *Purchase Option*

You have the option to purchase this Vehicle "AS IS" from the originating dealer, or other location we specify, in cash for the Purchase Option Price, plus any official fees and taxes, vehicle inspection costs required in connection with the purchase, and a Purchase Option Fee of $300.00. If you purchase the Vehicle at the end of the lease term, the Purchase Option Price will be the Residual Value shown in Section 5d. If you purchase the Vehicle before the end of the lease term, the Purchase Option Price will be the Unpaid Adjusted Capitalized Cost disclosed in Section 13c plus purchase option fee prior to lease end of $500. Section 6. In either case, you must also pay other amounts due under this Lease at the time of purchase.

## VEHICLE INSURANCE, MAINTENANCE, PAYMENTS AND USE

### 15 *Mandatory Insurance*

The following types and amounts of insurance must and will be acquired in connection with this Lease: a) comprehensive, including fire and theft insurance if this Vehicle is a car; or fire, theft and combined additional coverage if this Vehicle is a truck with a maximum deductible of $500; b) Collision insurance with a maximum deductible of $500; c) property damage liability of $50,000 per occurrence; and d) Bodily injury liability of $100,000 per person and $300,000 per occurrence. Your insurance policy must name us a loss payee on coverages (a) and (b) and provide us with primary coverages as an additional insured on coverages (c) and (d). You agree to provide insurance coverage in the amount and type indicated above and you also will provide us with proof of insurance at lease inception. Your insurance policy must provide us with at least 30 days notice of any cancellation, reduction or other material change in coverage. You appoint us as your attorney-in-fact to arrange for and procure payment of insurance loss proceeds directly with your insurance carrier(s) and to endorse, present and collect insurance loss proceeds checks. **NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.**

### 16 *Late Charge, Returned Check Charge, and Fines*

Payments are due on the due date. If any monthly payment is not received in full by us within **10 days** after its due date, **you will pay** a late charge of 5% of the monthly payment due or $25.00, whichever is greater or as allowed by state law. Payment shall be applied to the most past due payment. If any payment you make to us is not honored, or is charged back to us, in addition to any late charge, you will pay us a **$20.00** service charge, or such other charge as allowed by state law. You will pay when due any fine imposed on this Vehicle, such as a parking ticket, until you return this Vehicle to us. Should we have to pay any fine on your behalf, you will pay us the amount of the fine plus a $20.00 administrative charge, or such other charge as allowed by state law.

### 17 *Official Fees and Taxes*

You will pay when due all official fees and taxes, including registration, title and license fees, and personal property taxes related to this Vehicle or this Lease, which are incurred during the lease term, even if they are assessed after this Lease terminates. Should we have to pay any official fee or tax on your behalf, you will pay us the amount of the official fee or tax, and any interest or penalties assessed.

### 18 *Vehicle Maintenance and Use*

We are not responsible for any maintenance or servicing of the leased Vehicle. You agree to maintain this Vehicle at your own expense. You agree to follow the owner's manual and maintenance schedule and to make all necessary repairs and replacement of parts. This Vehicle may not be used for any illegal purpose or to transport people or goods for hire. Except for occasional and incidental use by other licensed, qualified operators with your permission, you shall retain possession of this Vehicle. You will not alter or install any equipment upon this Vehicle and will pay our cost to restore this Vehicle to its original condition. You agree to indemnify us for any loss, liability or expense arising from the use or condition of this Vehicle. You agree to keep this Vehicle free from liens and encumbrances. If you leased this Vehicle in the 48 contiguous United States, you will not remove this Vehicle from these 48 states without our prior consent. If you remove this Vehicle from your state of residence or the garaging address identified in this Lease such that new registration or licensing will be required, you will notify us immediately in writing and will bear all related expenses. You will complete a statement of this Vehicle's mileage at the end of this Lease as required by federal law. You will provide and complete any other document necessary to comply with any applicable federal, state or local law regarding this Vehicle or this Lease.

### 19 *Excess Wear and Tear, Use, and Standards*

You are responsible for all repairs to this vehicle that are not the result of normal wear and tear. At the end of the lease term or at early termination, you will pay us the amount it would cost for the repairs (except in the case when a Professional Appraisal, as set forth in Section 13, is used to value the Vehicle). The following standards are applicable for determining unreasonable or excess wear, use and tear of the leased vehicle, and the repairs you will be required to pay for include, but are not limited to the costs necessary to:

a) REPAIR: inoperative mechanical parts including power accessories; dents, scratches, chips or rusted areas on the body; mismatched paint; broken windows or inoperative window mechanisms; broken headlight lenses or sealed beams; dents, cuts, scratches or gouges in the bumper; broken grilles or dents in the grilles; single dents or a series of small dents on other trim parts including headlight and bumper bezels; or seats, seat belts, head lining, door panels or carpeting that are torn or are damaged beyond ordinary wear and tear or are burned.
b) REPLACE: any windshield damaged with chips, cracks or bull's eyes, any tire not part of a matching set of 5 tires (or four with an emergency spare), or tires with less than 1/8" of tread remaining at the shallowest point, or tires which are not a matching set of tires of comparable type and quality to the tires furnished with this Vehicle upon commencement of this Lease; missing parts, accessories and adornments, including bumpers, ornamentation, aerials, hubcaps, chrome stripping, rearview mirrors, radio and stereo components, or emergency spare.

### 20 *Notices*

Unless you give prior written notice of a change in your address, we may send any notices to the Lessee's address shown on this Lease. Any notice will be deemed sufficiently given to a Co-Lessee if sent to the Lessee's address, unless you give us written notice of a separate address. You will notify us within 30 days of any address change.

### 21 *Security Deposit*

We may use the security deposit to off set any amounts that you owe under this Lease. If you perform all of your obligations under this Lease, the security deposit will be returned to you at the end of the lease term. No interest, increase or profits will accrue or be due to you. We have no duty to segregate the security deposit and do not have a fiduciary duty to you in regards to the security deposit.

### 22 *Security Interest*

We reserve a security interest in the leased vehicle to secure performance of your obligations under this Lease. Unless otherwise precluded by applicable law, you give us a security interest in this Vehicle or in proceeds, cancellation refunds or other rights under any contract issued with respect to this Vehicle, this Lease or any addendum to this Lease, including, without limitation, insurance contracts, maintenance contracts, repair contracts and extended warranty service contracts.

### 23 *Assignment*

We may assign our interest in this Lease without prior notice and without your consent. YOU AGREE THAT YOU HAVE NO RIGHT TO ASSIGN, TRANSFER OR SUBLEASE ANY OF YOUR RIGHTS UNDER THIS LEASE.

You will be in default if a) you do not make a payment when due; b) any information on your or a guarantor's credit application is false; c) you do not maintain insurance coverage required by this Lease; d) you do not timely or properly perform any promise under this Lease; e) you or a guarantor become subject to bankruptcy or insolvency proceedings; f) you commit any other act constituting default under applicable law. In the event of default, we may terminate this Lease and, after giving any legally required notice; i) charge you for early termination liability pursuant to Section 13; (ii) repossess this Vehicle as allowed by law; (iii) charge you for our costs of such repossession, storing, transporting and disposing of this Vehicle; (iv) charge you for our costs of collection, any court costs and attorney's fees to the extent permitted by applicable law; (v) sue you for damages and to recover this Vehicle; (vi) and/or pursue any other legally permitted remedy. Unless otherwise required by law, we are not required to give you prior notice of our termination of this Lease pursuant to this section and your resulting early termination liability as determined in Section 13. To the extent permitted by law you agree that if we accept moneys in sums less than those due, accept payments which are received after their scheduled due dates, or make extensions of due dates of payments under this Lease, doing so will not be a waiver of our right to enforce the lease terms as written as to any amounts due thereafter.

### 25 *Damage, Loss or Potential Loss of This Vehicle*

You are responsible for the risk of loss, damage or destruction of this vehicle during the lease term and until this vehicle is returned to us under the terms of the lease naming us as an additional named insured as provided in section 15 above. If this vehicle is damaged or destroyed by accident or other occurrence, confiscated by governmental authority or is stolen, abandoned or subject to potential loss, you will immediately notify us and we may terminate this lease. The terms of such termination are: a) you may elect the purchase option section 14, to be exercised within 30 days, or b) your obligation to us will be as set forth in section 13(c) and section 19 will not apply.

## SIGNATURES

This Lease is the entire agreement and can only be changed by written agreement between the Lessee, Co-Lessee (if applicable) and Lessor, or any assignee, if this Lease is assigned. There are no other written or verbal agreements. Any provision of this Lease which is invalid, illegal or unenforceable shall be ineffective without affecting in any way the remaining provisions. All lessees and guarantors are jointly and severally liable.

*Lessee*

YOU HAVE READ BOTH SIDES AND RECEIVED A COMPLETED COPY OF THIS LEASE BEFORE SIGNING BELOW.

**By signing below, you acknowledge that:**

- **This Lease is completely filled out**
- **You have read this entire Lease carefully and agree to all of its terms before signing.**

**CAUTION - - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS LEASE AGREEMENT BEFORE YOU SIGN IT.**

LESSEE SIGNATURE | CO-LESSEE SIGNATURE | BUSINESS NAME

DRIVER'S LICENSE NUMBER & STATE | DRIVER'S LICENSE NUMBER & STATE | BY (SIGNATURE)

NAME (PLEASE PRINT) | TITLE

For purposes of this section, I/We/my/our/me/us refers solely to Guarantor. I/We jointly, severally and unconditionally guarantee the performance of all payment and other obligations of the Lessee, under this Lease. Upon any default by Lessee, Lessor may, at Lessor's option, proceed immediately against me/us without first proceeding against Lessee, any other guarantor or taking possession of and disposing of this Vehicle. My/Our liability is primary and will be unaffected by any settlement, compromise, extension, renewal or modification of this Lease or by any release or discharge of Lessee or other guarantor. I/We waive all notices and all rights to demands and presentments. This guarantee inures to the benefit of Lessor's successors and assigns.

GUARANTOR SIGNATURE | GUARANTOR SIGNATURE

PRINT NAME | PRINT NAME

a) Lessor accepts the terms of this Lease; and
b) Lessor assigns and transfers to (See checked location) Northwest Leasing of Boise, ID Northwest Leasing of Mountain Home, ID all of Lessor's rights, title and interest in and to this Vehicle and this Lease including all amounts payable thereunder.
c) "FULL GUARANTEE" Notwithstanding the terms of the Retailer Agreement between Lessor and the above assignee, Lessor unconditionally guarantees payment of all amounts owed under this Lease and agrees to repurchase this Lease and the Vehicle from the said assignee upon demand, for the full amount lawfully owed under this Lease, if Lessee is at any time in default under any provision of this Lease. (This item applies only if initialed by Lessor). This guarantee will not be affected by any act or omission by the assignee, and the assignee shall not be required to take, or not take, any action as a condition to enforcement of this guarantee. All notices and rights to demands and presentments are hereby waived.
By signing below, the Lessor accepts the terms and conditions of this Lease.

LESSOR (PRINT NAME)

LESSOR SIGNATURE | TITLE

CC701697 Q

# IDAHO CERTIFICATE OF TITLE

VOID IF ALTERED EAGLE WATERMARK VISIBLE IF HELD TO LIGHT

ITD 3517 (Rev. 06-13)
Supply # 018755298

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | BODY | MODEL | DESCRIPTION |
|---|---|---|---|---|---|
| 1C3CCBBB5DN589803 | 2013 | CHRY | 4D | 200 | |

| 2ND VEHICLE IDENTIFICATION NUMBER | ODOMETER READING | DATE |
|---|---|---|
| | 37456 ACTUAL | 08/04/2014 |

| TITLE NUMBER | PRINT DATE | WEIGHT | LENGTH | WIDTH | HULL | HORSEPOWER | PROPULSION |
|---|---|---|---|---|---|---|---|
| 143072760 | 10/02/2014 | | | | | | |

OWNER'S NAME AND ADDRESS

NORTHWEST LEASING OF BOISE LSR
CURTISS, MEGHAN DANYELLE LSE
CURTISS, BRANDON RICHARD LSE
PO BOX 7944
BOISE, ID 83707

OTHER PERTINENT DATA

## Assignment of Title

Warning: It is a felony to enter a false selling price, name, or address, or to alter or forge this document. Federal and State laws require you to state the mileage when transferring motor vehicle ownership. Failure to complete or providing false information may result in fines and/or imprisonment.

1 **Odometer Reading** - Reading is actual unless indicated otherwise
(No tenths) ______ Reading Date ______
☐ In Excess of Mechanical Limits ☐ Exempt
☐ Not Actual - **Warning: Odometer Discrepancy** ☐ No Device

2 Date Sold / Selling Price (See warning above)

3 Seller's or Representative's Printed Name(s)

4 I certify, to the best of my knowledge, that the odometer reading reflects the actual mileage, unless otherwise indicated. I also hereby transfer ownership to the named purchaser. I realize I must file a release of liability statement within five days of delivering the vehicle to the purchaser.

Seller's or Representative's Signature
A X
B X

5 A 1st Purchaser's Full Printed Legal Name / Idaho Driver's License No. or SSN; EIN if Business
B 2nd Purchaser's Full Printed Legal Name / Idaho Driver's License No. or SSN; EIN if Business

6 Mailing Address and Physical Address (if different)

7 City / State / Zip

8 If I apply for title in Idaho, I know I must do so within 30 days of purchase or a $20.00 late filing penalty will be due. I am aware of the odometer certification made by the seller.
A 1st Purchaser's Signature (or Representative's Signature) X
B 2nd Purchaser's Signature (or Representative's Printed Name) X

## Lienholder Section

First Lien

US BANK

PO BOX 5308
PORTLAND, OR 97228-5308
RECORDED 08/22/2014

9 Signature Releasing Lien X / Date

9 Second Lien

10 Signature Releasing Lien X / Date

11 New Lienholder's Name

12 Address

13 City / State / Zip

12219522



Northwest Leasing of Boise, ID

(208) 336-6222

Lease No. 4F0669

**CLOSED END MOTOR VEHICLE LEASE AGREEMENT AND DISCLOSURE**

## 1. PARTIES

*Lessor*

Deal #39493, Stock #4F0669

DENNIS DILLON DODGE CHRYSLER J — NAME OF LESSOR
(208) 459-7405 — LESSOR TELEPHONE NUMBER
05/28/15 — LEASE DATE

4025 E CLEVELAND BLVD — STREET ADDRESS
CALDWELL, ID 83605 — CITY, STATE, ZIP CODE

*Lessee & Co-Lessee*

CURTISS PROPERTY MANAGEMENT IN — NAME OF LESSEE
BRANDON R. CURTISS — NAME OF CO-LESSEE
NAME OF DRIVER (IF LESSEE IS A BUSINESS)

77 E IDAHO STE 100 — LESSEE STREET ADDRESS
MERIDIAN, ID ADA — CITY, STATE, COUNTY
83642 — ZIP CODE

N/A — LESSEE BILLING ADDRESS (IF DIFFERENT FROM ABOVE)
N/A — CITY, STATE, COUNTY
N/A — ZIP CODE

VEHICLE GARAGING ADDRESS (IF DIFFERENT FROM ABOVE) — CITY, STATE, COUNTY — ZIP CODE

"You and "your" refer equally to the Lessee and Co-Lessee (if any) signing this Lease. "We," "us" and "our" refer to the Lessor named above and any assignee, if this Lease is assigned. "Vehicle" refers to the Motor Vehicle described below, including attachments, equipment and accessories. You agree to lease this Vehicle from us under the terms on the front and back of this Lease. You understand that this is a Lease. You do not own this Vehicle, unless and until you exercise your option to purchase this Vehicle.

## 2. DESCRIPTION OF LEASED PROPERTY

| | | YEAR | NO CYL | MAKE | MODEL NAME | COLOR(S) | IDENTIFICATION |
|---|---|---|---|---|---|---|---|
| CAR XX TRUCK | GAS DIESEL | 2015 | 0 | RAM | 2500 POWER WGN | GRANITE CRY | 3C6TR5EJ7FG645998 |

XX New Used 1001 — ODOMETER READING; GRANIT / — COLOR/KEY CODE#

## 3. CONSUMER LEASING ACT DISCLOSURE BOX

| *AMOUNT DUE AT LEASE SIGNING* | *MONTHLY PAYMENTS* | *OTHER CHARGES** (Not part of your monthly payment) | *TOTAL OF PAYMENTS* |
|---|---|---|---|
| (From Section 4, itemized below)<br>$ 12625.67 | Your first monthly payment of $ N/A due on signing, followed by 60 payments of $ 752.77 due 10th of each month, beginning on 07/10/15. The total of your monthly payments is $ 45166.20 | a) Disposition Fee (if you do not purchase the vehicle) +$ 300.00<br>b) Documentation fee +$ 50.00<br>c) Title fee +$ 14.00<br>d) **Total** =$ **364.00**<br>*In addition, you may have to pay excess wear and tear and mileage, if any. | (The amount you will have paid by the end of the Lease)<br>$ 58149.87 |

## 4. ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING

*AMOUNT DUE AT LEASE SIGNING*

| | |
|---|---|
| a) Capitalized Cost Reduction including any net trade-in allowance | $ 11897.80 |
| b) First Monthly Payment | +$ N/A |
| c) Refundable Security Deposit | +$ N/A |
| d) Title Fees | +$ 14.00 |
| e) Registration Fees | +$ N/A |
| f) Tax on Capitalized Cost Reduction | +$ 713.87 |
| g) Sales Tax Paid in Advance | +$ N/A |
| h) Documentation Fee | +$ N/A |
| i) None | +$ N/A |
| j) None | +$ N/A |
| k) Total | =$ 12625.67 |

*HOW THE AMOUNT DUE AT LEASE SIGNING WILL BE PAID*

| | |
|---|---|
| I) Net Trade-In Allowance | $ N/A |
| II) Rebates and Non-Cash Credits | +$ 6000.00 |
| III) Amount to be Paid in Cash | +$ 6625.67 |
| IV) Total | =$ 12625.67 |

## 5. YOUR MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW

a) **Gross Capitalized Cost.** The agreed upon value of the vehicle ($ 52117.67) and any items you pay for over the lease term such as taxes, fees, service contracts, insurance and any outstanding prior loan or lease balance. If you want an itemization of this amount, please see Section 7 $ 55508.67

f) **Rent Charge.** The amount charged in addition to the depreciation and any amortized amounts + 14498.73

g) **Total of Base Monthly Payments.** The depreciation and any amortized amounts plus the rent charge = 42609.60

h) **Lease Term.** The number of months

amount of any net trade-in allowance, rebate, non-cash credit or cash you pay that reduces the gross capitalized cost - 11897.80

c) **Adjusted Capitalized Cost.** The amount used in calculating your base monthly payment = 43610.87

d) **Residual Value.** The value of the Vehicle at the end of the Lease used in calculating your base monthly payment - 15500.00

e) **Depreciation and Any Amortized Amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the lease term = 28110.87

i) **Base Monthly Payment** = 710.16

j) **Monthly Sales, Use or Lease Tax** + 42.61

k) **Monthly Luxury Tax** + N/A

l) **Total Monthly Payment** =$ 752.77

## 6. IMPORTANT TERMS

**Early Termination.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be. See Section 13.

**Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of 12000 miles per year at the rate of 25 cents per mile. See Section 19 ☐ If this box is checked, this mileage includes N/A miles over the term of the lease purchased at 25 cents per mile, which is included in your monthly payment.

**Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the lease term for $ 15500.00, and a Purchase Option Fee of **$300.00** See Section 14.

**Purchase Prior to Lease Term.** You also have an option to purchase the vehicle prior to the end of the lease term. The purchase in such event should be determined in accordance with the formula set forth in section 13 (c) of this agreement, plus an early purchase option fee of $500.00.

**Other Important Terms.** This Lease contains additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

## 7. ITEMIZATION OF GROSS CAPITALIZED COST

The following items you will pay for over the lease term and are in your monthly payment:

| | | | |
|---|---|---|---|
| a) | **Agreed-upon Value of the Vehicle** | + | 52117.67 |
| b) | **Up-Front Sales Tax, if applicable** | + | N/A |
| c) | **Title, License and Registration** | + | N/A |
| d) | **Acquisition Fee** | + | 795.00 |
| e) | **Service Contract and/or Maintenance Contract (See Section 10)** | + | 2297.00 |
| f) | **Credit Life and/or Disability Insurance (See Section 10)** | + | N/A |
| g) | **Outstanding Prior Loan or Lease Balance** DOC FEE | + | N/A<br>299.00 |
| h) | **GAP** | + | N/A |
| i) | **Total Gross Capitalized Cost** | = | 55508.67 |

## 8. VEHICLE WARRANTIES

The leased a vehicle is subject to the following express warranty and is covered only by any warranty, extended warranty, service contract or maintenance contract indicated below:

XX Standard New Vehicle Limited Warranty provided by the manufacturer or distributor of this Vehicle

• Maintenance Contract, a contract for regularly scheduled care and maintenance of this Vehicle

XX Mechanical Breakdown Protection (MBP), a service contract for the repairs of certain major mechanical breakdowns of this Vehicle and related expenses

• Used Vehicle Limited Warranty

• Property Leased "AS IS," NO WARRANTIES APPLY.

EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, WE OFFER NO EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THIS VEHICLE. IN PARTICULAR, WE MAKE NO IMPLIED WARRANTY OF MERCHANTABILITY AND THERE IS NO WARRANTY THAT THIS VEHICLE WILL BE FIT FOR A PARTICULAR PURPOSE.

## 9. ESTIMATED FEES AND TAXES

The estimated total amount you will pay for official and license fees, registration, title and taxes, including personal taxes over the term of your Lease, whether included with your monthly payments or assessed otherwise is $ 3340.47

## 10. OPTIONAL INSURANCE AND WARRANTIES

These coverages are not required to enter into this Lease and will not be provided unless you sign below. If insurance and/or warranties are purchased by you, the coverages are shown in a notice given to you on this date and are for the term of the Lease. (Please see below.)

*Credit Life Insurance*

N/A
INSURER
N/A
INSURED(S)
LESSEE INITIALS

$ None
INITIAL COVERAGE AMOUNT
$ 0.00
PREMIUM
CO-LESSEE INITIALS

*Credit Disability Insurance*

N/A
INSURER
N/A
INSURED(S)
LESSEE INITIALS

$ N/A
MONTHLY COVERAGE AMOUNT
$ N/A
PREMIUM
CO-LESSEE INITIALS

*Mechanical Breakdown Protection*

PORTFOLIO ELITE
PROVIDER
LESSEE INITIALS

$ 2297.00
CHARGE
$
CO-LESSEE INITIALS

*GAP Coverage*

PROVIDER
LESSEE INITIALS

$ N/A
CHARGE
$
CO-LESSEE INITIALS

*Total Premiums/Charges* $ 2297.00

/TdB79111

NWL-12/05
The Reynolds and Reynolds Company CC701697 Q (9/11)

# Additional Terms and Conditions

## ENDING YOUR LEASE

### 11. *Vehicle Return*

When your Lease terminates, whether early or as scheduled, you will return the Vehicle to the originating dealer or other location we specify. If you keep possession of the Vehicle past the end of the lease term, you will continue to pay the monthly payments, but you agree that you have no right to keep this Vehicle unless you enter into a written agreement with us extending the lease term, and you will pay us for any damages we suffer because you failed to return this Vehicle at the end of the lease term.

### 12. *Scheduled Termination*

At the end of the lease term, you will return this Vehicle and pay us immediately:

a) a Disposition Fee equal to the amount disclosed in Section 3; plus
b) all past-due monthly payments, and other charges under this Lease; plus
c) any amounts owed as a result of excess wear and tear, as disclosed in Section 19; plus
d) any Excess Mileage Charge at lease maturity, or an Excess Mileage Charge for the period for which this Lease was in effect pro-rated monthly, as disclosed in Section 6; plus
e) any taxes related to termination

### 13. *Early Termination*

a) **Conditions for YOUR early termination.** You may terminate this Lease before the end of the lease term, effective on the due date of a monthly lease payment only under the following conditions: you return the vehicle, you are not in default, you have paid at least 12 monthly payments, you give us at least 30 days prior written notice, and you pay us the amount disclosed in Section 13 (c)
b) **Conditions for OUR early termination.** We may terminate this Lease before the end of the lease term if you are in default, as described in Section 24, and upon such termination we shall be entitled to the charges described in Section 13 (c), Section 19, and Section 24,
c) **Amounts you will owe at Early Termination.** If this Lease is terminated before the end of the lease term under section 13 (a) or Section 13 (b), then the charge for such early termination, which you will pay us, shall be.

I) the amounts disclosed in Section 12, plus
an Early Termination Charge equal the difference, if any, between the
II) Unpaid Adjusted Capitalized Cost and this Vehicle's Fair Market Wholesale Value, plus
III) if you are in default, the amounts disclosed in Sections 19 & 24.

"Unpaid Adjusted Capitalized Cost" is calculated by reducing the Adjusted Capitalized Cost (Section 5c) each month by the difference between the Base Monthly Payment (Section 5i) and the Rent Charge (Section 5f) earned in that month on an actuarial basis (normal). "Fair Market Wholesale Value" is the wholesale value assigned by us in a commercially reasonable manner in accordance with accepted practices in the automobile industry for valuation of used vehicles, or by a written agreement as to the Vehicle's value signed by you and us. If you disagree with the value we assign to the Vehicle, you may obtain, at your own expense, within 10 days after you return the Vehicle, a professional appraisal of this Vehicle's wholesale value made by an independent third party agreeable to both you and us (the "Professional Appraisal"). If a Professional Appraisal is used to value the Vehicle, and no amounts disclosed in Section 19 will be due from you.

### 14. *Purchase Option*

You have the option to purchase this Vehicle "AS IS" from the originating dealer, or other location we specify, in cash for the Purchase Option Price, plus any official fees and taxes, vehicle inspection costs required in connection with the purchase, and a Purchase Option Fee of $300.00. If you purchase the Vehicle at the end of the lease term, the Purchase Option Price will be the Residual Value shown in Section 5d. If you purchase the Vehicle before the end of the lease term, the Purchase Option Price will be the Unpaid Adjusted Capitalized Cost disclosed in Section 13c plus purchase option fee prior to lease end of $500. Section 6. In either case, you must also pay other amounts due under this Lease at the time of purchase.

## VEHICLE INSURANCE, MAINTENANCE, PAYMENTS AND USE

### 15. *Mandatory Insurance*

The following types and amounts of insurance must and will be acquired in connection with this Lease: a) comprehensive, including fire and theft insurance if this Vehicle is a car; or fire, theft and combined additional coverage if this Vehicle is a truck with a maximum deductible of $500; b) Collision insurance with a maximum deductible of $500; c) property damage liability of $50,000 per occurrence; and d) Bodily injury liability of $100,000 per person and $300,000 per occurrence. Your insurance policy must name us a loss payee on coverages (a) and (b) and provide us with primary coverages as an additional insured on coverages (c) and (d). You agree to provide insurance coverage in the amount and type indicated above and you also will provide us with proof of insurance at lease inception. Your insurance policy must provide us with at least 30 days notice of any cancellation, reduction or other material change in coverage. You appoint us as your attorney-in-fact to arrange for and procure payment of insurance loss proceeds directly with your insurance carrier(s) and to endorse, present and collect insurance loss proceeds checks. **NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.**

### 16. *Late Charge, Returned Check Charge, and Fines*

**Payments are due on the due date.** If any monthly payment is not received in full by us within 10 days after its due date, you will pay a late charge of 5% of the monthly payment due or $25.00, whichever is greater or as allowed by state law. Payment shall be applied to the most past due payment. If any payment you make to us is not honored, or is charged back to us, in addition to any late charge, you will pay us a $20.00 service charge, or such other charge as allowed by state law. You will pay when due any fine imposed on this Vehicle, such as a parking ticket, until you return this Vehicle to us. Should we have to pay any fine on your behalf, you will pay us the amount of the fine plus a $20.00 administrative charge, or such other charge as allowed by state law.

### 17. *Official Fees and Taxes*

You will pay when due all official fees and taxes, including registration, title and license fees, and personal property taxes related to this Vehicle or this Lease, which are incurred during the lease term, even if they are assessed after this Lease terminates. Should we have to pay any official fee or tax on your behalf, you will pay us the amount of the official fee or tax, and any interest or penalties assessed.

### 18. *Vehicle Maintenance and Use*

We are not responsible for any maintenance or servicing of the leased Vehicle. You agree to maintain this Vehicle at your own expense. You agree to follow the owner's manual and maintenance schedule and to make all necessary repairs and replacement of parts. This Vehicle may not be used for any illegal purpose or to transport people or goods for hire. Except for occasional and incidental use by other licensed, qualified operators with your permission, you shall retain possession of this Vehicle. You will not alter or install any equipment upon this Vehicle and will pay our cost to restore this Vehicle to its original condition. You agree to indemnify us for any loss, liability or expense arising from the use or condition of this Vehicle. You agree to keep this Vehicle free from liens and encumbrances. If you leased this Vehicle in the 48 contiguous United States, you will not remove this Vehicle from these 48 states without our prior consent. If you remove this Vehicle from your state of residence or the garaging address identified in this Lease such that new registration or licensing will be required, you will notify us immediately in writing and will bear all related expenses. You will complete a statement of this Vehicle's mileage at the end of this Lease as required by federal law. You will provide and complete any other document necessary to comply with any applicable federal , state or local law regarding this Vehicle or this Lease.

### 19. *Excess Wear and Tear, Use, and Standards*

You are responsible for all repairs to this Vehicle that are not the result of normal wear and tear. At the end of the lease term or at early termination, you will pay us the amount it would cost for the repairs (except in the case when a Professional Appraisal, as set forth in Section 13, is used to value the Vehicle). The following standards are applicable for determining unreasonable or excess wear, use and tear of the leased vehicle, and the repairs you will be required to pay for include, but are not limited to the costs necessary to:

a) REPAIR: inoperative mechanical parts including power accessories, dents, scratches, chips or rusted areas on the body; mismatched paint; broken windows or inoperative window mechanisms; broken headlight lenses or sealed beams: dents, cuts, scratches or gauges in the bumper; broken grilles or dents in the grilles; single dents or a series of small dents on other trim parts, including headlight and taillight bezels; or seats, seat belts, head lining, door panels or carpeting that are torn or are damaged beyond ordinary wear and tear or are burned.
b) REPLACE: any windshield damaged with chips, cracks or bull's eyes, any tire not part of a matching set of 5 tires (or four with an emergency spare), or tires with less than 1/8" of tread remaining at the shallowest point, or tires which are not a matching set of tires of comparable type and quality to the tires furnished with this Vehicle upon commencement of this Lease; missing parts, accessories and adornments, including bumpers, ornamentation, aerials, hubcaps, chrome stripping, rearview mirrors, radio and stereo components, or emergency spare.

...unless you give prior written notice of a change in your address. We will send any notices to the Lessee's address shown on this Lease. Any notice will be deemed sufficiently given to a Co-Lessee if sent to the Lessee's address, unless you give us written notice of a separate address. You will notify us within 30 days of any address change.

## 21. Security Deposit

We may use the security deposit to off set any amounts that you owe under this Lease. If you perform all of your obligations under this Lease, the security deposit will be returned to you at the end of the lease term. No interest, increase or profits will accrue or be due to you. We have no duty to segregate the security deposit and do not have a fiduciary duty to you in regards to the security deposit.

## 22. Security Interest

We reserve a security interest in the leased vehicle to secure performance of your obligations under this Lease. Unless otherwise precluded by applicable law, you give us a security interest in this Vehicle or in proceeds, cancellation refunds or other rights under any contract issued with respect to this Vehicle, this Lease or any addendum to this Lease, including, without limitation, insurance contracts, maintenance contracts, repair contracts and extented warranty service contracts.

## 23. Assignment

We may assign our interest in this Lease without prior notice and without your consent. YOU AGREE THAT YOU HAVE NO RIGHT TO ASSIGN, TRANSFER OR SUBLEASE ANY OF YOUR RIGHTS UNDER THIS LEASE.

...default if a) you do not make a payment when due; b) any information in your or a guarantor's credit application is false, c) you do not maintain insurance coverage required by this Lease; d) you do not timely or properly perform any promise under this Lease e) you or a guarantor become subject to bankruptcy or insolvency proceedings; f) you commit any other act constituting default under applicable law. In the event of default, we may terminate this Lease and, after giving any legally required notice, i) charge you for early termination liability pursuant to Section 13; (ii) repossess this Vehicle as allowed by law; (iii) charge you for our costs of such repossession, storing, transporting and disposing of this Vehicle, (iv) charge you for our costs of collection, any court costs and attorney's fees to the extent permitted by applicable law; (v) sue you for damages and to recover this Vehicle; (vi) and/or pursue any other legally permitted remedy. Unless otherwise required by law, we are not required to give you prior notice of our termination of this Lease pursuant to this section and your resulting early termination liability as determined in Section 13. To the extent permitted by law you agree that if we accept moneys in sums less than those due, accept payments which are received after their scheduled due dates, or make extensions of due dates of payments under this Lease, doing so will not be a waiver of our right to enforce the lease terms as written as to any amounts due thereafter.

## 25. Damage, Loss or Potential Loss of This Vehicle

You are responsible for the risk of loss, damage or destruction of this vehicle during the lease term and until this vehicle is returned to us under the terms of the lease naming us as an additional named insured as provided in section 15 above. If this vehicle is damaged or destroyed by accident or other occurrence, confiscated by governmental authority or is stolen, abandoned or subject to potential loss, you will immediately notify us and we may terminate this lease. The terms of such termination are: a) you may elect the purchase option section 14, to be exercised within 30 days, or b) your obligation to us will be as set forth in section 13(c) and section 19 will not apply.

## SIGNATURES

This Lease is the entire agreement and can only be changed by written agreement between the Lessee, Co-Lessee (if applicable) and Lessor, or any assignee, if this Lease is assigned. There are no other written or verbal agreements. Any provision of this Lease which is invalid, illegal or unenforceable shall be ineffective without affecting in any way the remaining provisions. All lessees and guarantors are jointly and severally liable.

### Lessee

YOU HAVE READ BOTH SIDES AND RECEIVED A COMPLETED COPY OF THIS LEASE BEFORE SIGNING BELOW.

**By signing below, you acknowledge that:**

- **This Lease is completely filled out**
- **You have read this entire Lease carefully and agree to all of its terms before signing.**

**CAUTION - - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS LEASE AGREEMENT BEFORE YOU SIGN IT.**

| | | |
|---|---|---|
| [signature] LESSEE SIGNATURE | CO-LESSEE SIGNATURE | Cypriss Property Management BUSINESS NAME |
| DRIVER'S LICENSE NUMBER & STATE | DRIVER'S LICENSE NUMBER & STATE | [signature] BY (SIGNATURE) |
| | | Brandon Cypriss NAME (PLEASE PRINT) — Owner TITLE |

For purposes of this section, I/We/my/our/me/us refers solely to Guarantor. I/We jointly, severally and unconditionally guarantee the performance of all payment and other obligations of the Lessee, under this Lease. Upon any default by Lessee, Lessor may, at Lessor's option, proceed immediately against me/us without first proceeding against Lessee, any other guarantor or taking possession of and disposing of this Vehicle. My/Our liability is primary and will be unaffected by any settlement, compromise, extension, renewal or modification of this Lease or by any release or discharge of Lessee or other guarantor. I/We waive all notices and all rights to demands and presentments. This guarantee inures to the benefit of Lessor's successors and assigns.

| | |
|---|---|
| [signature] GUARANTOR SIGNATURE | GUARANTOR SIGNATURE |
| Brandon Cypriss PRINT NAME | PRINT NAME |

a) Lessor accepts the terms of this Lease; and

b) Lessor assigns and transfers to (See checked location) Northwest Leasing of Boise, ID Northwest Leasing of Mountain Home, ID all of Lessor's rights, title and interest in and to this Vehicle and this Lease including all amounts payable thereunder.

c) "FULL GUARANTEE" Notwithstanding the terms of the Retailer Agreement between Lessor and the above assignee, Lessor unconditionally guarantees payment of all amounts owed under this Lease and agrees to repurchase this Lease and the Vehicle from the said assignee upon demand, for the full amount lawfully owed under this Lease, if Lessee is at any time in default under any provision of this Lease. (This item applies only if initialed by Lessor). This guarantee will not be affected by any act or omission by the assignee, and the assignee shall not be required to take, or not take, any action as a condition to enforcement of this guarantee. All notices and rights to demands and presentments are hereby waived.

By signing below, the Lessor accepts the terms and conditions of this Lease.

LESSOR (PRINT NAME) [signature]

LESSOR SIGNATURE Jim Moore TITLE

# IDAHO CERTIFICATE OF TITLE

ITD 3517 (Rev. 06-13)
Supply # 018755298

VOID IF ALTERED EAGLE WATERMARK VISIBLE IF HELD TO LIGHT

VEHICLE IDENTIFICATION NUMBER: 3C6TR5EJ7FG645998

2ND VEHICLE IDENTIFICATION NUMBER:

YEAR: 2015 MAKE: RAM BODY: PK MODEL: 250 DESCRIPTION:

ODOMETER READING: 1001 ACTUAL DATE: 05/28/2015

TITLE NUMBER: 153054437 PRINT DATE: 07/02/2015 WEIGHT: LENGTH: WIDTH: HULL: HORSEPOWER: PROPULSION:

OWNER'S NAME AND ADDRESS

NORTHWEST LEASING OF BOISE LSR
CURTISS PROPERTY MANAGEMENT LSE
PO BOX 7944
BOISE, ID 83707-1944

OTHER PERTINENT DATA: 4DR CREW CAB

## Assignment of Title

Warning: It is a felony to enter a false selling price, name, or address, or to alter or forge this document. Federal and State laws require you to state the mileage when transferring motor vehicle ownership. Failure to complete or providing false information may result in fines and/or imprisonment.

1 **Odometer Reading** - Reading is actual unless indicated otherwise
(No tenths) Reading Date
☐ In Excess of Mechanical Limits ☐ Exempt
☐ Not Actual - **Warning: Odometer Discrepancy** ☐ No Device

2 Date Sold / Selling Price (See warning above)

3 Seller's or Representative's Printed Name(s)

4 I certify, to the best of my knowledge, that the odometer reading reflects the actual mileage unless otherwise indicated. I also hereby transfer ownership to the named purchaser. I realize I must file a release of liability statement within five days of delivering the vehicle to the purchaser.
Seller's or Representative's Signature
A X
B X

5 A 1st Purchaser's Full Printed Legal Name / Idaho Driver's License No. or SSN; EIN if Business
B 2nd Purchaser's Full Printed Legal Name / Idaho Driver's License No. or SSN; EIN if Business

6 Mailing Address and Physical Address (if different)

7 City State Zip

8 If I apply for title in Idaho, I know I must do so within 30 days of purchase or a $20.00 late filing penalty will be due. I am aware of the odometer certification made by the seller.
A 1st Purchaser's Signature (or Representative's Signature) X
B 2nd Purchaser's Signature (or Representative's Printed Name) X

## Lienholder Section

First Lien
US BANK

PO BOX 5308
PORTLAND, OR 97228-5308
RECORDED 06/12/2015

9 Signature Releasing Lien X Date

12650254

Second Lien

10 Signature Releasing Lien X Date

11 New Lienholder's Name

12 Address

13 City State Zip

(Rev. 06-13) **$3.50 Fee***

## Release of Liability Statement

**$3.50 Fee***

**Please Print Clearly – All Information Must Be Complete – Notification by Seller/Transferor is Mandatory for Motor Vehicles**

| Vehicle or Hull Identification Number (VIN/HIN) | Year | Make | Body | Title Number |
|---|---|---|---|---|
| 3C6TR5EJ7FG645998 | 2015 | RAM | PK | 153054437 |

| Seller | Purchaser |
|---|---|
| Seller's Full Legal Name | Purchaser's Full Legal Name |
| Idaho Driver's License Number or SSN; EIN if Business | Idaho Drivers License Number or SSN; EIN If Business |
| Physical Address City State Zip | Physical Address City State Zip |

| Odometer Reading | Selling Price | Date Vehicle Delivered to Purchaser(s) | |
|---|---|---|---|
| | $ | | **- See reverse side for mailing and payment instructions -** |

I hereby request that the Idaho Transportation Department mark its records to show the vehicle described above has been transferred. I understand that the title record will remain in my name until a new Idaho Certificate of Title is applied for and issued in the name(s) of the new owner(s).

Seller's/Transferor's Signature X ______________________

*Fee effective January 1, 2010 and subject to change. Before sending this notice, please visit dmv.idaho.gov to verify the current fee.